IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY DERRELL CORBETT,

    Petitioner,

v.                                                                                    Civil Action No. **3:18CV642**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Anthony Derrell Corbett, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the County of Henrico, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Corbett filed a Response.[1] (ECF No. 19.) For the reasons set forth below, the Motion to Dismiss (ECF No. 15) will be GRANTED.

## I. PROCEDURAL HISTORY

Corbett was originally charged with one count of malicious wounding and one count of possession of a firearm by a violent convicted felon. (ECF No. 16-1, at 14–15.) Pursuant to a Plea Agreement between Corbett and the Commonwealth, the Indictment for the malicious wounding charge was "amended to attempted robbery with a gun." (*Id.* at 17); *see* Plea Agreement, *Commonwealth v. Corbett*, Nos. CR16–2368–F, CR16–2369–F (Va. Cir. Ct. filed Oct. 27, 2016).

---

[1] Corbett filed his Response more than twenty-one days after Respondent filed his Motion to Dismiss. (*See* ECF No. 19; *see also* ECF No. 15.) Corbett indicates that he mistakenly sent his Response to the Supreme Court of Virginia, and requests that the Court file his Response. (ECF No. 19–1, at 1.) In deference to Corbett's *pro se* status, the Court will consider Corbett's untimely Response to the Respondent's Motion to Dismiss.

Corbett was then arraigned on the attempted robbery charge and the possession of a firearm by a violent convicted felon charge. (Oct. 27, 2016 Tr. 5–6). Corbett pled guilty to both charges. (ECF No. 16–1, at 17.) On November 9, 2016, the Circuit Court sentenced Corbett to a total active sentence of eight years of incarceration. (*Id.* at 18–19.) Corbett did not appeal.

On January 11, 2018, Corbett filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (*Id.* at 1.) On July 3, 2018, the Supreme Court of Virginia dismissed the petition. (ECF No. 16–2, at 1.)

On September 14, 2018, Corbett filed the instant § 2254 Petition.[2] In his § 2254 Petition, Corbett asserts the following claims for relief:[3]

Claim One: "[Corbett] was denied equal protection under the Due Process Clause of the Fourteenth Amendment in that he had a state-created liberty interest that an amended Indictment cannot encompass a change in the nature and character [of the offense] from the original Indictment . . . ." (§ 2254 Pet. 5.)

Claim Two: Trial counsel rendered ineffective assistance (a) "when [counsel] failed to object to the amendment of [the] Indictment, which changed the nature and character of the offense charged" (*id.* at 7), and (b) because counsel "[f]ailed to advise [Corbett] that 'legal impossibility' is a defense to the charge of 'attemp[ted] [robbery] . . . .'" (*Id.*)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Corbett's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus

---

[2] This is the date on which the prison mailroom stamped Corbett's § 2254 Petition as received. (ECF No. 1–2, at 2). The Court deems Corbett's § 2254 Petition to be filed as of this date because Corbett does not indicate the date on which he deposited his § 2254 Petition in the prison mailing system. (ECF No. 1, at 15); *see Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court corrects the capitalization, punctuation, and spelling in the quotations from Corbett's submissions. The Court employs the pagination assigned by CM/ECF to Corbett's submission.

2

by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), the November 9, 2016 Judgment became final on Friday, December 9, 2016, when the time for filing a notice of appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring that a notice of appeal be filed within thirty (30) days of the entry of judgment).

The limitation period began to run on December 10, 2016, and expired on December 10, 2017. Corbett filed his state habeas petition on January 11, 2018, after the expiration of the

3

limitation period. Thus, he lacks entitlement to any statutory tolling. *Deville v. Johnson*, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Further, neither Corbett nor the record suggests any plausible basis for equitable tolling[4] or a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D). Accordingly, the statute of limitations bars the § 2254 Petition.

## III. REQUEST FOR EVIDENTIARY HEARING

In Corbett's § 2254 Petition, he requests, *inter alia*, that the Court "order an evidentiary hearing." (ECF No. 1, at 15.) In determining whether a case warrants an evidentiary hearing, a federal court must consider whether the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000). A federal court must also consider the standards set forth in 28 U.S.C. § 2254 when considering whether an evidentiary hearing is appropriate. *Schriro*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*

Here, based on a thorough evaluation of Corbett's claims and the record before the Court, the Court concludes that the statute of limitations bars the § 2254 Petition. Therefore, the Court concludes that habeas relief under § 2254 is not warranted. Corbett's request for an evidentiary hearing (ECF No. 1, at 15) will be DENIED.

---

[4] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

4

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 15) will be GRANTED. Corbett's request for an evidentiary hearing (ECF No. 1, at 15) will be DENIED. Corbett's § 2254 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[5]

An appropriate Final Order shall issue.

/s/ *Ruy*
Roderick C. Young
United States Magistrate Judge

Date: June 21, 2019
Richmond, Virginia

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & 4 (1983)). Corbett fails to meet this standard.

5